```
                                                        FILED
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA   04 MAR 15 AM 11:05
                    SOUTHERN DIVISION
                                                 U.S. DISTRICT
                                                 N.D. OF ALABAMA
```

PATRICIA N. WILLIS,            }
                               }   CIVIL ACTION NO.
    Plaintiff,                 }   02-AR-3137-S
                               }
v.                             }
                               }
READY MIX U.S.A., INC.,        }
                               }                ENTERED
    Defendant.                 }
                               }              MAR 15 2004

## MEMORANDUM OPINION

Before the court is the motion of defendant, Ready Mix U.S.A., Inc. ("Ready Mix"), for summary judgment. Plaintiff, Patricia N. Willis ("Willis"), brings claims for sex discrimination and sexually hostile environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and disparate pay pursuant to the Equal Pay Act.[1] Ready Mix seeks summary judgment on all of Willis' claims.

### Summary-Judgment Facts

Willis, a black female, worked for Ready Mix as a concrete-mixer-truck driver from March 12, 2002 until her termination on July 31, 2002. On August 5, 2002, Willis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her charge, she alleged discrimination based on race

---

[1] In Willis' response, she expressly abandons every claim except her claim for sexually hostile environment. See Doc. #34 at n. 2 & 3. Ready Mix is, accordingly, entitled to summary judgment on the abandoned claims.



and sex. Willis specifically charged that her supervisor, Tommy Hester ("Hester") was the source of the discriminatory conduct:

> The reason given for my termination by Tommy Hester, Dispatcher was based on past write-ups that I had received since my employment. There have been white males **and females** in a similar situation who have committed accidents, and they were not terminated. I was **continuously harassed by Tommy Hester** with comments of my being a female and unable to do my job. He would make comments like "speed it up, you're too slow."
>
> I believe I have been discriminated against because of my race, Black[,] and my sex, Female[,] in violation of Title VII of the Civil Rights Act of 1964, as amended, in that white males **and white females are not treated in this manner**.

(Doc. #28 Ex. #18) (emphasis added). Willis specified her termination as the discriminatory event.[2]

Willis timely filed her original complaint in this court after the EEOC issued her a right to sue. (Doc. #1). Her original complaint specified Hester as the source of discrimination:

> This case involves Harassment, Intimidation, Retaliation and a Hostile Work Environment, **done by one Tommy Hester**...

(Doc. #1) (emphasis added). However, Willis' amended complaint, filed March 21, 2003, had a claim for a "sexually hostile environment." (Doc. #13). For the first time, Willis alleged that her co-workers made sexually explicit comments and watched

---

[2] She specified that the earliest and latest date of discrimination was July 31, 2002. (Doc. #28 Ex. #18). The particulars of her allegations began, "I began employment with the above-named Respondent in March 2002, as a truck driver. On July 31, 2002, **I was terminated**." *Id.* (emphasis added).

pornographic movies in Ready Mix's break room.

## Analysis

In a Title VII case, the plaintiff's complaint is restricted in scope to alleged discrimination which can reasonably be expected to grow out of that alleged in the EEOC charge. *See Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000); *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Claims that "'amplify, clarify, or more clearly focus' the allegations in the EEOC notice" are allowed, but "new acts of discrimination are inappropriate." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004). This exhaustion requirement insures that the EEOC has an opportunity to obtain voluntary compliance. *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989).

Ready Mix contends that Willis failed to meet the exhaustion requirement with regard to her claim for hostile work environment. Willis concedes that she did not expressly include a hostile-environment claim in her EEOC charge or her original complaint. However, she argues that the court should construe her EEOC charge to allow this claim. She reasons that "pursuant to the doctrine of 'liberal construction' and the 'like and related' rule", a reasonable EEOC investigation would have uncovered evidence of a hostile work environment. *Sanchez*, 431 F.2d at 463;

*Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988); *Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 727 (D.C. Cir. 1978); *Wright v. Manatee County*, 717 F. Supp. 1493, 1497 (M.D. Fla. 1989); *EEOC v. Jacksonville Shipyards, Inc.*, 696 F. Supp. 1438, 1444 (M.D. Fla. 1988). Ready Mix argues that Willis' hostile-environment claim is not sufficiently "like or related" to the allegations in her EEOC charge. (Doc. #35 at 2).

In Willis' original complaint, she alleged that Ready Mix terminated her for having accidents, while employees outside her protected class were not terminated -- a disparate-treatment claim. A hostile-environment claim is based on a separate and distinct theory of liability from a disparate-treatment claim, especially if not a constructive discharge. It is not to be reasonably anticipated in connection with a garden-variety claim for disparate-treatment discharge. *See Blalock v. Dale County Bd. of Educ.*, 84 F. Supp. 2d 1291, 1302-03 (M.D. Ala. 1999) (barring plaintiff's hostile-environment claim because it was not reasonably related to claims that defendant board did not pay her the same as similarly-situated males); *Swanson v. Civil Air Patrol*, 37 F. Supp. 2d 1312, 1321 (M.D. Ala. 1998) (finding that plaintiff was barred from bringing a sex-based disparate-treatment claim where the EEOC charge was limited to claims alleging a hostile work environment and retaliation). Undaunted, Willis argues that she sufficiently alleged sexual harassment in

her EEOC charge when she stated that Hester continuously harassed her with comments about females being incompetent.

The allegations in Willis' EEOC charge complained of Hester, the individual. Her charge specified that July 31, 2002, the date of her termination, as the date of the discriminatory event. However, Willis' eventual hostile-environment allegation is predicated upon the action of her co-workers, not Hester. She alleges that the harassment consisted of male co-workers harassing her and watching pornographic videos in the break room.

Recently, a panel of the Eleventh Circuit opined that under circumstances like these the question for the court is whether "a reasonable EEOC investigator could have concluded that what [Willis] complained about" was a hostile environment. See *Gregory*, 355 F.3d at 1280. In *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994), the Seventh Circuit held that a plaintiff's EEOC charge and complaint must, at a minimum, describe the same conduct and implicate the same individuals. Willis' EEOC charge and amended complaint identify different harassers, a different type of discrimination, and a different relevant time period. Moreover, in her EEOC charge, she specified that other "females are not treated in this manner." (Doc. #28 Ex. #18). The hostile-environment theory that she now advances is completely inconsistent with that statement. She does not allege an environment hostile only to black females. I she

did she would have come closer to her EEOC charge.

Willis' failure to raise a hostile-environment claim in her EEOC charge precludes this court's jurisdiction over any such claim.[3] Summary judgment is appropriate.

An order consistent with this opinion will be entered separately.

DONE this 15th day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Consequently, the court need not discuss the relatively simple question of whether Willis' allegations of co-workers watching pornographic movies in a break room during work hours has established a *prima facie* case of a hostile work environment. Nor does the court otherwise reach the merits of her claim.